# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN

ZAZA PACHULIA
7023 Broadway Terrace
Oakland, California 94611

Case No.

TINATIN ALAVIDZE
7023 Broadway Terrace
Oakland, California 94611

        Plaintiffs,

v.

R. USOW ACCOUNTING, LLC
11431 North Port Washington Road
Suite 105-9
Mequon, Wisconsin 53092

RANDY USOW
11431 North Port Washington Road
Suite 105-9
Mequon, Wisconsin 53092

        Defendants.

## COMPLAINT

Plaintiffs, Zaza Pachulia and Tinatin Alavidze (collectively "Plaintiffs"), by and through their attorneys, Brian C. Spahn and the law firm of Godfrey & Khan S.C., hereby file their Complaint and demand judgment against Defendants R. Usow Accounting, LLC and Randy Usow (collectively "Defendants") and as grounds therefor state as follows:

### INTRODUCTION

1.    Plaintiffs hired Defendants to provide competent accounting services which, among other things, included the filing of state and federal individual income tax returns. Defendants held themselves out as experienced professionals who could provide the services

that Plaintiffs needed with the knowledge that Plaintiffs' tax returns would be more complicated than a typical tax return due to Plaintiff Zaza Pachulia's career as a professional basketball player. Despite those assurances, Defendants failed in their duty of care by failing to adhere to generally accepted accounting principles and filed inaccurate tax returns for tax years 2011, 2013 and 2014 which triggered Internal Revenue Service ("IRS") audits due to their many discrepancies. As a result of Defendants' deviations from generally accepted accounting principles and the IRS audits, Plaintiffs have been subjected to significant tax penalties, interest and additional costs of defending against IRS tax audits.

## JURISDICTION & VENUE

2. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) an (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts with this district.

## PARTIES

4. Plaintiffs are aliens admitted to the United States for permanent residence and are currently domiciled in California.

5. Defendant Randy Usow is the sole member of R. Usow Accounting, LLC, and is domiciled in the State of Wisconsin

6. Defendant R. Usow Accounting, LLC, at all times relevant hereto has been a limited liability company organized and existing under the laws of the State of Wisconsin, where it carries on a regular business. The sole member of R. Usow Accounting, LLC, is Defendant Randy Usow, who is domiciled in the State of Wisconsin.

# FACTS

7. Plaintiff Zaza Pachulia ("Pachulia") arrived in the United States in 2003, as a promising young basketball prospect from the former Soviet Republic of Georgia.

8. Plaintiff Tinatin Alavidze ("Alavidze") is married to Pachulia.

9. With the rigors of training, practicing, and playing professional basketball demanding Pachulia's singular focus, Pachulia and Alavidze sought professional assistance in preparing their tax returns.

10. Sometime in 2004, Pachulia was introduced to Defendant Randy Usow ("Defendant Usow") and was informed about Defendant Usow's accounting experience and his accounting firm.

11. At the time of the initial meeting, Defendant Usow was aware of Pachulia's career in professional basketball and what that would entail with regard to the filing of state and federal individual income taxes, including the need to file multiple state individual income tax returns in states where Pachulia played basketball.

12. Thereafter, Pachulia and Alavidze engaged Defendants to prepare state and federal joint individual income tax returns for them.

13. From 2004 through 2015, Defendants prepared Plaintiffs' state and federal individual income tax returns and never indicated a lack of knowledge or ability with regard to properly preparing and filing the necessary state and federal returns.

14. Similar to previous years, in March of 2012, Defendant Usow provided Pachulia with a return for the 2011 tax year that he claimed to have sent to the IRS, which provided that Plaintiffs would receive upwards of $480,000.00 in tax refunds.

15. In February 2013, Plaintiffs in fact received a tax refund of $499,403.93 for tax year 2011 from the IRS, which was consistent with the expectations given them by Defendant Usow.

16. For tax years 2013 and 2014, Defendant Usow provided Pachulia with copies of returns, which provided that Plaintiffs would receive approximately $87,000.00 and $164,000.00 in tax refunds for tax years 2013 and 2014, respectively.

17. Plaintiffs received tax refunds of $87,307.00 for tax year 2013 and $163,867.00 for tax year 2014, again consistent with the expectations provided them by Defendant Usow.

18. On March 29, 2013, Plaintiffs' 2011 individual Form 1040 was selected for audit examination by the IRS.

19. In or around August 2013, Defendants informed Plaintiffs that their 2011 tax returns were selected for audit.

20. Defendants informed Plaintiffs that Defendants had the ability and experience to properly navigate the IRS audit on behalf of Plaintiffs.

21. However, on May 19, 2014, Defendants indicated they could not keep up with the demands of the IRS audit, and encouraged Plaintiffs to retain a more experienced accounting professional, Jessica Brede ("Brede").

22. On October 2, 2015, Plaintiffs' 2013 and 2014 individual Forms 1040 were selected for audit examination by the IRS.

23. After receiving the notices of audit examinations for tax years 2013 and 2014, and exhausting all administrative remedies, Plaintiffs ultimately were compelled to hire tax attorneys.

24. As part of the due diligence related to defending the audit, Plaintiffs' attorneys filed a Form 4506 to obtain the 2013 and 2014 returns that were actually filed with the IRS.

25. The returns differed materially from those Plaintiffs had been provided by Defendants. The amounts of the refunds claimed on the IRS returns were substantially greater than the refunds previously identified.

26. In fact, the 2013 and 2014 tax returns, showed an additional $617,864.00 in tax refunds that Plaintiffs never received and that were wired to an account that did not belong to Plaintiffs.

27. Through defending the audit process, it became clear that for tax year 2011, Defendants failed to adhere to generally accepted accounting principles in numerous respects which triggered the IRS audits.

28. More specifically, these failures included, but were not necessarily limited to failing to properly include all reported: wage income; interest income; dividend income; taxable refunds; credits; state and local income taxes; Schedule C business income; and federal income tax withholding. Furthermore, Defendants improperly claimed active business losses related to Plaintiffs' passive real estate interests; failed to properly claim itemized deductions related to Plaintiffs' unreimbursed employee business expenses; failed to include all reported entities owned by Plaintiffs on Schedule E; and failed to include all required schedules, forms, and statements.

29. Defendants filed at least six amended federal individual income tax returns related to Plaintiffs' tax year 2011, despite the fact that Plaintiffs only signed one tax return for 2011 and never authorized the filing of any amended returns, nor did they have the knowledge that any amended returns were filed for tax year 2011.

30. Plaintiffs never received a large portion of the refunds identified in the 2011 tax returns, totaling $221,839.00, which were wired to an account that did not belong to Plaintiffs.

5

31. Through defending the audit process, it also became clear that for tax years 2013 and 2014, Defendants failed to adhere to generally accepted accounting principles in numerous respects which triggered the IRS audits.

32. More specifically, these failures included, but were not necessarily limited to failing to properly include all reported: dividend income, capital gain income, taxable refunds, credits, and state and local income taxes. Furthermore, Defendants failed to properly account for all state and local taxes paid by Plaintiffs; improperly claimed active business losses related to Plaintiffs' passive real estate interests and itemized deductions related to Plaintiffs' unreimbursed employee business expenses; failed to include all required schedules, forms, and statements; failed to properly include all reported taxable refunds, credits, state and local income taxes, and income on Forms 1099 received by Plaintiffs; erroneously claimed a foreign tax credit; erroneously computed Plaintiffs' net investment income tax; and failed to include all required schedules, forms, and statements.

33. Defendants breached their duty to competently prepare Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014 by committing various errors that are outside generally accepted accounting principles and that would not otherwise be committed by a reasonable tax return preparer.

34. As a result of Defendants' failure to competently prepare Plaintiffs' federal income tax returns, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS.

35. Additionally, due to Defendants' failure to follow generally accepted accounting principles when preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $81,754.20 in penalties and interest.

36. Furthermore, because of Defendants' failure to abide by generally accepted accounting principles in preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred substantial and accumulating expenses including but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

## COUNT I
### (Breach of Contract)

37. Plaintiffs adopt herein by reference paragraphs 1 through 36 above as if fully set forth herein.

38. In 2004, Plaintiffs engaged Defendants due to their expertise in accounting and their ability to competently prepare and file individual state and federal tax returns.

39. Defendants breached the contract by deviating from generally accepted accounting principles which resulted in the preparation and filing of tax returns that triggered audits for 2011, 2013 and 2014 tax returns by the IRS.

40. Defendants' breach of their contract with Plaintiffs caused Plaintiffs to incur significant tax penalties, interest, and attorneys' fees associated with defending the tax audits by the IRS.

## COUNT II
### (Negligence)

41. Plaintiffs adopt herein by reference paragraphs 1 through 40 above as if fully set forth herein.

42. Defendants had a duty to competently prepare and file federal income tax returns while following generally accepted accounting principles.

43. Defendants breached their duty to competently prepare Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014 by committing various errors that are outside

generally accepted accounting principles and that would not otherwise be committed by a reasonable tax return preparer.

44. As a result of Defendants' failure to competently prepare Plaintiffs' federal income tax returns, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS

45. Additionally, due to Defendants' failure to follow generally accepted accounting principles when preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $81,754.20 in penalties and interest.

46. Furthermore, because of Defendants' failure to follow generally accepted accounting principles in preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred substantial and accumulating expenses including, but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

## COUNT III
### (Breach of Fiduciary Duty)

47. Plaintiffs adopt herein by reference paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants had a fiduciary duty to competently prepare and file federal income tax returns while following generally accepted accounting principles.

49. Defendants breached their fiduciary duty to competently prepare Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014 by committing various errors that are outside generally accepted accounting principles and that would not otherwise be committed by a reasonable tax return preparer.

50. As a result of Defendants' failure to competently prepare Plaintiffs' federal income tax returns, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS

51. Additionally, due to Defendants' failure to follow generally accepted accounting principles when preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $81,754.20 in penalties and interest.

52. Furthermore, because of Defendants' failure to follow generally accepted accounting principles in preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred substantial and accumulating expenses including, but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

## COUNT IV
### (Fraud/Intentional Misrepresentation)

53. Plaintiffs adopt herein by reference paragraphs 1 through 52 above as if fully set forth herein.

54. Defendants knowingly and intentionally misrepresented to Plaintiffs that they would receive approximately $480,000.00, $87,000.00 and $164,000.00 in federal tax refunds for 2011, 2013 and 2014 income tax filings, respectively.

55. Defendants thereafter filed federal income tax returns which caused refunds to be generated in substantially higher amounts than was divulged to the Plaintiffs; however, Defendants concealed the actual tax return sums and provided Plaintiffs with lower tax refunds, consistent with the initial intentional misrepresentations.

56. Plaintiffs reasonably relied on the intentional misrepresentations and continued to use Defendants' services.

57. Defendants' knowing and intentional misrepresentations were made with the intent to deceive and defraud Plaintiffs, which was evidenced by the fact that a significant portion of the tax refunds, for 2011, 2013 and 2014 income tax filings were wired into a bank account which did not belong to Plaintiffs, and which, upon information and belief, was owned and/or controlled by Defendants.

58. As a result of Defendants' fraudulent activity, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS.

59. Additionally, due to Defendants' fraudulent activity when filing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $81,754.20 in penalties and interest.

60. Furthermore, because of Defendants' fraudulent activity, Plaintiffs have incurred substantial and accumulating expenses including, but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. This Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but no less than $75,000.00;

B. This Honorable Court award Plaintiffs their costs and attorneys' fees incurred in this matter; and

C. This Honorable Court award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby request trial by jury.

Dated this 16th day of November, 2016.

           GODFREY & KAHN, S.C.

           By: _____
           Brian C. Spahn
           State Bar No. 1060080
           Zachary Willenbrink
           State Bar No. 1084746
           GODFREY & KAHN, S.C.
           833 East Michigan Street, Suite 1800
           Milwaukee, Wisconsin 53202-5615
           Phone: 414-273-3500
           Fax: 414-273-5198
           bspahn@gklaw.com
           zwillenbrink@gklaw.com

           Eric Rollinger
           State Bar No. 1059542
           Jeffrey Schwaber
           Deanna Peters
           *Applications for Admission to Eastern*
           *District of Wisconsin Forthcoming*
           Stein Sperling Bennet De Jong Driscoll P.C.
           25 West Middle Lane
           Rockville, Maryland 20850
           Phone: 301-340-2020
           erollinger@steinsperling.com
           dpeters@steinsperling.com
           jschwaber@steinsperling.com

Attorneys for Plaintiffs

16416239.1