# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN

ZAZA PACHULIA and
TINATIN ALAVIDZE,

Case No. 16-CV-1531

      Plaintiffs,

v.

RANDY USOW ACCOUNTING, INC.
and RANDY USOW,

      Defendants.

## AMENDED COMPLAINT

Plaintiffs, Zaza Pachulia and Tinatin Alavidze (collectively "Plaintiffs"), by and through their attorneys, the law firms of Godfrey & Khan S.C. and Stein Sperling Bennet De John Driscoll P.C., hereby file their Amended Complaint and demand judgment against Defendants Randy Usow Accounting, Inc., and Randy Usow (collectively "Defendants") and as grounds therefor state as follows:

### INTRODUCTION

1.    Plaintiffs hired Defendants to provide competent accounting services which, among other things, included the filing of state and federal individual income tax returns. Defendants held themselves out as experienced professionals who could provide the services that Plaintiffs needed with the knowledge that Plaintiffs' tax returns would be more complicated than a typical tax return due to Plaintiff Zaza Pachulia's career as a professional basketball player. Despite those assurances, Defendants failed in their duty of care by failing to adhere to generally accepted accounting principles and filed inaccurate tax returns for tax years 2011, 2013 and 2014 which triggered Internal Revenue Service ("IRS") audits due to their many

discrepancies. As a result of Defendants' deviations from generally accepted accounting principles and the IRS audits, Plaintiffs have been subjected to significant tax penalties, interest and additional costs of defending against IRS tax audits.

## JURISDICTION & VENUE

2. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) an (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts with this district.

## PARTIES

4. Plaintiffs are aliens admitted to the United States for permanent residence and are currently domiciled in California.

5. Defendant Randy Usow resides at 4425 W. Meadow Circle West, Mequon, Wisconsin, 53092, and is domiciled in the State of Wisconsin

6. Defendant Randy Usow Accounting, Inc., is incorporated in the State of Wisconsin, with its principal place of business at 11431 North Port Washington Road, Mequon, Wisconsin 53092. The sole owner of Randy Usow Accounting, Inc., is Defendant Randy Usow.

## FACTS

7. Plaintiff Zaza Pachulia ("Pachulia") arrived in the United States in 2003, as a promising young basketball prospect from the former Soviet Republic of Georgia.

8. Plaintiff Tinatin Alavidze ("Alavidze") is married to Pachulia.

9. With the rigors of training, practicing, and playing professional basketball demanding Pachulia's singular focus, Pachulia and Alavidze sought professional assistance in preparing their tax returns.

10. Sometime in 2004, Pachulia was introduced to Defendant Randy Usow ("Defendant Usow") and was informed about Defendant Usow's accounting experience and his accounting firm.

11. At the time of the initial meeting, Defendant Usow was aware of Pachulia's career in professional basketball and what that would entail with regard to the filing of state and federal individual income taxes, including the need to file multiple state individual income tax returns in states where Pachulia played basketball.

12. Thereafter, Pachulia and Alavidze engaged Defendants to prepare state and federal joint individual income tax returns for them.

13. From 2004 through 2015, Defendants prepared Plaintiffs' state and federal individual income tax returns and never indicated a lack of knowledge or ability with regard to properly preparing and filing the necessary state and federal returns.

14. Similar to previous years, in March of 2012, Defendant Usow provided Pachulia with a return for the 2011 tax year (the "2011 false return") that he claimed to have sent to the IRS, which provided that Plaintiffs would receive upwards of $480,000.00 in tax refunds.

15. In February 2013, Plaintiffs in fact received a refund of $499,403.93 from the U.S. Treasury, which was consistent with the expectations given them by Defendant Usow. However, as a result of Defendants later filing multiple, unauthorized amended returns on Plaintiffs' behalf, Defendants obtained additional refunds for tax year 2011, which, upon information and belief, the Defendants retained in an account belonging to them.

16. For tax years 2013 and 2014, Defendant Usow provided Pachulia with copies of returns, which provided that Plaintiffs would receive approximately $87,000.00 and $164,000.00 in tax refunds for tax years 2013 and 2014, respectively (the "2013 false return" and "2014 false return").

17. Plaintiffs received payments of $87,307.00 for tax year 2013 and $163,867.00 for tax year 2014. However, instead of being refunds issued directly by the federal government, the payments came from "US Government, LLC," a Wisconsin limited liability company, which Mr. Usow organized and registered in December 2012, presumably for purposes of making payments appear to be official refunds from the federal government.

18. On March 29, 2013, Plaintiffs' 2011 individual Form 1040 was selected for audit examination by the IRS.

19. In or around August 2013, Defendants informed Plaintiffs that their 2011 tax returns were selected for audit.

20. Defendants informed Plaintiffs that Defendants had the ability and experience to properly navigate the IRS audit on behalf of Plaintiffs.

21. However, on May 19, 2014, Defendants indicated they could not keep up with the demands of the IRS audit, and encouraged Plaintiffs to retain a more experienced accounting professional, Jessica Brede ("Brede").

22. On October 2, 2015, Plaintiffs' 2013 and 2014 individual Forms 1040 were selected for audit examination by the IRS.

23. After receiving the notices of audit examinations for tax years 2013 and 2014, and exhausting all administrative remedies, Plaintiffs ultimately were compelled to hire tax attorneys.

24. As part of the due diligence related to defending the audit, Plaintiffs' attorneys filed a Form 4506 to obtain the 2013 and 2014 returns that were actually filed with the IRS.

25. The returns differed materially from those Plaintiffs had been provided by Defendants. The amounts of the refunds claimed on the IRS returns were substantially greater than the refunds previously identified.

26. In fact, the 2013 and 2014 tax returns, showed an additional $617,864.00 more than Plaintiffs had received via payments from US Government, LLC. Meanwhile, the entire amounts of the 2013 and 2014 tax refunds (as actually claimed on the returns that Defendants filed on behalf of Plaintiffs) were wired to an account that did not belong to Plaintiffs. Upon information and belief, that account belonged to Defendants, who made payments lower than the actual refunds to Plaintiffs through US Government, LLC, and retained the difference.

27. Through defending the audit process, it became clear that for tax year 2011, Defendants failed to adhere to generally accepted accounting principles in numerous respects which triggered the IRS audits.

28. More specifically, these failures included, but were not necessarily limited to failing to properly include all reported: wage income; interest income; dividend income; taxable refunds; credits; state and local income taxes; Schedule C business income; and federal income tax withholding. Furthermore, Defendants improperly claimed active business losses related to Plaintiffs' passive real estate interests; failed to properly claim itemized deductions related to Plaintiffs' unreimbursed employee business expenses; failed to include all reported entities owned by Plaintiffs on Schedule E; and failed to include all required schedules, forms, and statements.

5

29.     Defendants filed at least six amended federal individual income tax returns related to Plaintiffs' tax year 2011, despite the fact that Plaintiffs only signed one tax return for 2011 and never authorized the filing of any amended returns, nor did they have the knowledge that any amended returns were filed for tax year 2011.

30.     Those 2011 amended returns claimed $152,350.93 more in refunds than Plaintiffs had received from their initial filing. These excess refunds were wired to an account that did not belong to Plaintiffs. Upon information and belief, that account belonged to Defendants, who made no payment of the refunds for the amended returns to Plaintiffs.

31.     Through defending the audit process, it also became clear that for tax years 2013 and 2014, Defendants failed to adhere to generally accepted accounting principles in numerous respects which triggered the IRS audits.

32.     More specifically, these failures included, but were not necessarily limited to failing to properly include all reported: dividend income, capital gain income, taxable refunds, credits, and state and local income taxes. Furthermore, Defendants failed to properly account for all state and local taxes paid by Plaintiffs; improperly claimed active business losses related to Plaintiffs' passive real estate interests and itemized deductions related to Plaintiffs' unreimbursed employee business expenses; failed to include all required schedules, forms, and statements; failed to properly include all reported taxable refunds, credits, state and local income taxes, and income on Forms 1099 received by Plaintiffs; erroneously claimed a foreign tax credit; erroneously computed Plaintiffs' net investment income tax; and failed to include all required schedules, forms, and statements.

33.     Defendants breached their duty to competently prepare Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014 by committing various errors that are outside

6

Case 2:16-cv-01531-JPS    Filed 02/15/17    Page 6 of 13    Document 16

generally accepted accounting principles and that would not otherwise be committed by a reasonable tax return preparer.

34. As a result of Defendants' failure to competently prepare Plaintiffs' federal income tax returns, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS.

35. Additionally, due to Defendants' failure to follow generally accepted accounting principles when preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $77,983.89 in federal penalties and interest to date, and are likely to incur substantial additional penalties and interest as the IRS further reviews the 2013 and 2014 tax years. The issues with the 2011, 2013, and 2014 tax returns may also trigger additional audits and liability for other years in which Defendants prepared Plaintiffs taxes.

36. To the extent that any of the audits result in additional federal tax liability, it is likely that the multiple states in which Plaintiffs filed taxes will seek payment for additional state tax liability, as well.

37. Furthermore, because of Defendants' failure to abide by generally accepted accounting principles in preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred substantial and accumulating expenses including but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

### COUNT I
### (Breach of Contract)

38. Plaintiffs adopt herein by reference paragraphs 1 through 37 above as if fully set forth herein.

39. In 2004, Plaintiffs engaged Defendants due to their expertise in accounting and their ability to competently prepare and file individual state and federal tax returns.

40. Defendants breached the contract by deviating from generally accepted accounting principles for every tax year during which they filed tax returns on Plaintiffs' behalf. Defendants' breach of contract resulted in the preparation and filing of tax returns that triggered audits of—at the very least—Plaintiffs' 2011, 2013, and 2014 tax returns by the IRS.

41. Defendants' breach of their contract with Plaintiffs caused Plaintiffs to incur significant tax penalties, interest, and attorneys' fees associated with defending the tax audits by the IRS. Plaintiffs are entitled to those amounts, as well as all fees paid to Defendants pursuant to the parties' contract, as a result of Defendants' breach of that contract.

## COUNT II
### (Negligence)

42. Plaintiffs adopt herein by reference paragraphs 1 through 41 above as if fully set forth herein.

43. Defendants had a duty to competently prepare and file federal income tax returns while following generally accepted accounting principles.

44. Defendants breached their duty to competently prepare Plaintiffs' federal income tax returns for all tax years during which they prepared tax returns on Plaintiffs' behalf by committing various errors that are outside generally accepted accounting principles and that would not otherwise be committed by a reasonable tax return preparer.

45. As a result of Defendants' failure to competently prepare Plaintiffs' federal income tax returns, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS, and the IRS may select additional tax year returns for

audit. Plaintiffs may also be required to pay additional back taxes, interest, and penalties to the various states in which Defendants filed tax returns on Plaintiffs' behalf.

46. Additionally, due to Defendants' failure to follow generally accepted accounting principles when preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $77,983.89 in federal penalties and interest to date and are likely to accrue additional penalties and interest.

47. Furthermore, because of Defendants' failure to follow generally accepted accounting principles in preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred substantial and accumulating expenses including, but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

48. In failing to follow generally accepted accounting principles, Defendants acted maliciously toward Plaintiffs and intentionally disregarded Plaintiffs' rights, thus also entitling Plaintiffs to punitive damages.

## COUNT III
### (Breach of Fiduciary Duty)

49. Plaintiffs adopt herein by reference paragraphs 1 through 48 above as if fully set forth herein.

50. Defendants had a fiduciary duty to competently prepare and file federal income tax returns while following generally accepted accounting principles.

51. Defendants breached their fiduciary duty to competently prepare Plaintiffs' federal income tax returns for all tax years during which they prepared tax returns on Plaintiffs' behalf by committing various errors that are outside generally accepted accounting principles and that would not otherwise be committed by a reasonable tax return preparer.

52. As a result of Defendants' failure to competently prepare Plaintiffs' federal income tax returns, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS, and the IRS may select additional tax year returns for audit. Plaintiffs may also be required to pay additional back taxes, interest, and penalties to the various states in which Defendants filed tax returns on Plaintiffs' behalf.

53. Additionally, due to Defendants' failure to follow generally accepted accounting principles when preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $77,983.89 in federal penalties and interest to date and are likely to accrue additional penalties and interest.

54. Furthermore, because of Defendants' failure to follow generally accepted accounting principles in preparing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred substantial and accumulating expenses including, but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

55. In breaching their fiduciary duty, Defendants acted maliciously toward Plaintiffs and intentionally disregarded Plaintiffs' rights, thus also entitling Plaintiffs to punitive damages.

## COUNT IV
### (Fraud/Intentional Misrepresentation)

56. Plaintiffs adopt herein by reference paragraphs 1 through 55 above as if fully set forth herein.

57. Defendants knowingly and intentionally misrepresented to Plaintiffs that they would receive approximately $480,000.00, $87,000.00 and $164,000.00 in federal tax refunds for 2011, 2013 and 2014 income tax filings, respectively.

58. Defendants thereafter filed federal income tax returns and/or amendments thereto which caused refunds to be generated in substantially higher amounts than was divulged to the Plaintiffs. However, Defendants concealed the actual additional tax refunds. For tax year 2011, Defendants filed amended returns, which they did not disclose to Plaintiffs, and retained the additional refunds triggered by those amended returns. For tax years 2013 and 2014, Defendants claimed and received higher refund amounts than their initial misrepresentations to Plaintiffs; Defendants then paid the amounts of the misrepresented refunds through US Government, LLC, a Wisconsin limited liability company, which Mr. Usow formed for the purpose of defrauding plaintiffs. Defendants retained the excess amounts.

59. Plaintiffs reasonably relied on Defendants' intentional misrepresentations and continued to use Defendants' services.

60. Defendants' knowing and intentional misrepresentations were made with the intent to deceive and defraud Plaintiffs, which was evidenced by the fact that the refunds for amended returns for 2011 and the full tax refunds for 2013 and 2014 were wired into a bank account which did not belong to Plaintiffs, and which, upon information and belief, was owned and/or controlled by Defendants. Defendants, meanwhile, retained the refunds for the amended returns in 2011 and the difference between the full refunds they received and the amounts they misrepresented to Plaintiffs for 2013 and 2014.

61. As a result of Defendants' fraudulent activity, Plaintiffs' 2011, 2013, and 2014 federal individual income tax returns were selected for audit examination by the IRS, and the IRS may select additional tax year returns for audit. Plaintiffs may also be required to pay additional back taxes, interest, and penalties to the various states in which Defendants filed tax returns on Plaintiffs' behalf.

62. Additionally, due to Defendants' fraudulent activity when filing Plaintiffs' federal income tax returns for tax years 2011, 2013, and 2014, Plaintiffs have incurred at least $77,983.89 in federal penalties and interest to date and are likely to accrue additional penalties and interest.

63. Furthermore, because of Defendants' fraudulent activity, Plaintiffs have incurred substantial and accumulating expenses including, but not limited to, attorneys' fees, in order to defend against the IRS's audit examination of Plaintiffs' individual federal income tax returns related to tax years 2011, 2013, and 2014.

64. With their fraudulent activity, Defendants acted maliciously toward Plaintiffs and intentionally disregarded Plaintiffs' rights, thus also entitling Plaintiffs to punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. This Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but no less than $75,000.01;

B. This Honorable Court award Plaintiffs their costs and attorneys' fees incurred in this matter; and

C. This Honorable Court award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request trial by jury.

Dated this 15th day of February, 2017.

        GODFREY & KAHN, S.C.

        By: *s/ Brian C. Spahn*
            Brian C. Spahn
            State Bar No. 1060080
            Zachary R. Willenbrink
            State Bar No. 1084746
            GODFREY & KAHN, S.C.
            833 East Michigan Street, Suite 1800
            Milwaukee, Wisconsin 53202-5615
            Phone: 414-273-3500
            Fax: 414-273-5198
            bspahn@gklaw.com
            zwillenbrink@gklaw.com

            Eric J. Rollinger
            State Bar No. 1059542
            Jeffrey M. Schwaber
            Eduardo Garcia
            *Applications for Admission to Eastern District of Wisconsin Forthcoming*
            Stein Sperling Bennet De Jong Driscoll P.C.
            25 West Middle Lane
            Rockville, Maryland 20850
            Phone: 301-340-2020
            erollinger@steinsperling.com
            jschwaber@steinsperling.com
            egarcia@steinsperling.com

        Attorneys for Plaintiffs

16782485.3