# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ZAZA PACHULIA and TINATIN ALAVIDZE,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>R. USOW ACCOUNTING LLC and RANDY USOW,<br><br>　　　　　　Defendants. | Case No. 16-CV-1531-JPS<br><br><br>**ORDER** |

On April 21, 2017, the parties filed a stipulation for entry of a protective order. (Docket #19). The parties request that the Court enter a protective order so that the parties may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945).

The parties have requested the protective order in this case in good faith. This action involves allegations that Defendants improperly prepared Plaintiffs' tax returns. (Docket #1). The parties seek to protect sensitive materials they must exchange to litigate this claim, including Plaintiffs' tax returns and Defendants' bank, tax, and business records. (Docket #19 at 1). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that two slight changes are necessary to maintain compliance with the above-cited precedent. First, the proposed order requires sealing, in whole or in part, of all confidential documents. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r,*

*L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph (C)(2). Second, consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. *See supra* Paragraph (D).

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

**IT IS ORDERED** that based on the parties' stipulation, (Docket #19), and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

(A) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION. Designation of information under this Order must

be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

   (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain nonpublic confidential technical, commercial, financial, personal, or business information.

   (2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

   (3) The designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. However, in the event that a document is produced, disclosed, or used for the first time at a deposition or hearing, the party producing, disclosing, or using the document may designate the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY either: (a) on the record at the deposition or hearing; or (b) in writing within 10 calendar days following the date on which the transcript of the deposition or hearing becomes available. Upon opposing counsel's request, counsel shall cooperate in allowing a longer or shorter period for such designation as the needs of the case require.

   (4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will

be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION. Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by

the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

    (d)    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

    (e)    Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(C)    MAINTENANCE OF CONFIDENTIALITY. Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

    (1)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

    (2)    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a

document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal. If a Court filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a third party, the party making the filing shall provide notice of the filing to the third party.

(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION. A party or interested member of the public wishing to challenge the designation of any document shall not be obligated to do so at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. If any party or interested person disagrees at any stage of these proceedings with a document's designation, the parties and/or person shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party or person may challenge the designation by motion; the movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party or person prevailing on any such motion actual attorney fees and costs attributable to the motion.

(E) CONCLUSION OF LITIGATION. At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be

returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order. The final determination or settlement of this action shall not relieve any person who has received CONFIDENTIAL or ATTORNEYS' EYES ONLY information from the obligations imposed by this Order.

  (F) "CLAWBACK" PROCEDURES. The parties may seek return of any inadvertently produced privileged or nonresponsive information. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work-product privilege, the common-interest privilege, or any other applicable privilege, protection, or immunity, shall not constitute a waiver of, nor a prejudice to, any claim that the document or information, or related material is privileged, provided that the party inadvertently producing such document or information notifies the receiving party in writing promptly after discovery of the inadvertent production. Unless the receiving party challenges the propriety of the asserted privilege, it shall return the inadvertently produced documents or information within 10 calendar days after the initial receipt of written (including facsimile or other electronic) notice and shall destroy all known copies thereof that are within its possession, custody, or control. If the receiving party is unable to return such inadvertently produced documents or information and destroy all copies thereof within 10 calendar days, then it shall notify the producing party in writing, by explaining specifically why returning the documents or information and destroying all copies within 10 calendar days is not feasible, and providing a date by which all copies of such documents or information in the receiving party's possession, custody, or control will be destroyed. If

the receiving party disputes the propriety of the asserted privilege with respect to any documents or information, then it shall do so in writing to the producing party within 10 calendar days after receipt of the written notice of inadvertent production. If the parties cannot resolve their differences in good faith, then the receiving party has 21 calendar days from the original receipt of notice of inadvertent production to file a motion disputing the assertion of privilege. If the receiving party fails to file a motion with the Court within 21 calendar days, then the receiving party shall return the disputed documents or information to the producing party and shall destroy all known copies thereof that are within the possession, custody, and control of the receiving party. No use shall be made of any document that a producing party has asserted to be privileged other than to challenge or defend the propriety of the asserted privilege, unless otherwise authorized by the Court.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge