UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ZAZA PACHULIA and
TINATIN ALALIDZE,

       Plaintiffs,                 Case No.: 16CV1531

v.

RANDY USOW ACCOUNTING, INC. and
RANDY USOW,

       Defendants.

## DEFENDANTS' STATEMENT OF PROPOSED MATERIAL FACTS
## IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, RANDY USOW and RANDY USOW ACCOUNTING, INC., by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, hereby submit this Statement of Proposed Material Facts in Support of Motion for Summary Judgment.

**1.** Plaintiffs initiated this action on November 16, 2016 when they filed their Complaint. [Doc. 1-4]

2. On February 15, 2017, Plaintiffs filed a First Amended Complaint. [Doc. 16]

3. The First Amended Complaint alleges several causes of action, including negligence, breach or contract, breach of fiduciary duty, and fraud. [Doc. 16.]

4. The IRS audits for Plaintiffs' 2013 and 2014 tax year filings are not yet complete. [Doc. 16 at ¶¶ 34-36] [*Aff. of K. Christensen*, Ex. A, *Report of R. Mathers*, pg. 24]

5. No state audits of Plaintiffs' tax filings have commenced. [Doc. 16 at ¶¶ 36, 45]

6. Plaintiffs allege a right to recovery because, "to the extent that any audits result in additional federal tax liability, it is likely that the multiple states in which Plaintiffs filed taxes

will seek payment for additional state tax liability, as well." [Doc. 16 at ¶ 36] [*Aff. of K. Christensen*, Ex. A, *Plaintiffs' Itemization of Damages*, pg. 3]

7. The Plaintiffs claim that "the 2011, 2013, and 2014 tax returns <u>may also</u> trigger additional audits and liability for other years in which the Defendants prepared Plaintiffs [*sic*] taxes." [Doc. 16 at ¶ 35]

8. Plaintiffs claim they will inevitably incur additional expenses in defending as-yet-commenced state audits. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 3]

9. Plaintiffs allege they may sustain penalties potentially assessed by the federal government upon completion of the 2013 and 2014 tax year audits. [Doc. 16 at ¶ 46] [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 2]

10. Plaintiffs claim $226,957.16 in "estimated state tax exposure" in their Itemization of Damages. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 3]

11. Plaintiffs' claim for "estimated state tax exposure" is based on the assumption that the 2013 and 2014 federal tax audits will result in an increase of Plaintiffs' tax owed for those years. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 5]

12. Plaintiffs' claim for "estimated state tax exposure" is also based on the assumption that the increase in tax owed in 2011 and, presumably, 2013 and 2014, will trigger state audits. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 5]

13. Plaintiffs' claim for "estimated state tax exposure" is also based on the assumption that the presumed state audits will conclude Plaintiffs improperly reported their taxable income, resulting in a tax deficit needing to be remedied, as well as, potential penalties associated with such deficit. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 5]

14. Plaintiffs estimate they may ultimately be responsible to the IRS for $77,983.89 in "Penalties, Interest, and Interest on Penalties" for tax years 2011, 2013, and 2014. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 2].

15. The IRS agreed to waive penalties on Plaintiffs' 2011 tax year filings. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 2].

16. Plaintiffs claim to expect federal penalties in the amounts of $20,727.80 for tax year 2013 and $15,525.80 for tax year 2014. [*Aff. of K. Christensen*, Ex. B, *Plaintiffs' Itemization of Damages*, pg. 5]

17. No penalty has been imposed by the IRS against the Plaintiffs for tax years 2013 and 2014. [*Aff. of K. Christensen*, Ex. A, *Report of R. Mathers*, pgs. 24-25]

18. In R. Mathers' expert report, he opines on the negligent conduct of the Defendants, the alleged fraud, and the extent to which Defendants did not meet their standard of care. [*Aff. of K. Christensen*, Ex. A, *Report of R. Mathers*, pg. 2]

19. Mathers concedes in his report that the IRS has not issued a decision with respect to Plaintiffs' liabilities for 2013 and 2014. [*Aff. of K. Christensen*, Ex. A, *Report of R. Mathers*, pg. 24]

20. Mathers concedes in his report that state entities have not issued any decisions indicating the Plaintiffs owe additional taxes or penalties for tax years 2011, 2013, and 2014. [*Aff. of K. Christensen*, Ex. A, *Report of R. Mathers*, pg. 24-25]

Dated this 20th day of July, 2017

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Attorneys for Defendants, Randy Usow Accounting, Inc. and Randy Usow

**/s/ Kevin A. Christensen**

Kevin A. Christensen
State Bar No.: 1011760
Kevin.Christensen@wilsonelser.com
Patricia A. Stone
State Bar No.: 1079285
Patricia.Stone@wilsonelser.com

P.O. ADDRESS
740 N. Plankinton Ave.
Suite 600
Milwaukee, WI 53203
Tel: (414) 276-8816
Fax: (414) 276-8819